SCHLUMPF, Plaintiff-Appellant, v. YELLICK, M.D., and others, Defendants-Respondents.

Supreme Court

*No. 77–335. Submitted on briefs February 7, 1980.—Decided March 4, 1980.*
(Also reported in 288 N.W.2d 834.)

For the appellant the cause was submitted on the briefs of *Lester A. Pines* and *Frankel, Langhammer & Pines* of Madison.

For the respondents the cause was submitted on the brief of *Michael P. Malone* and *Binder, Zirbel & Howard* of Milwaukee.

DAY, J. This is an appeal from a judgment and order[1] of the circuit court, dismissing the complaint of Carol Schlumpf for medical malpractice against the defendant physicians on the ground that the action was not brought within the period of limitations set forth in sec. 893.205(1), Stats 1975.[2]

The principal question presented on appeal is: Under sec. 801.02(1), Stats. 1975,[3] when the summons and

[1] The order denied the plaintiff's motion brought pursuant to sec. 806.07, Stats. 1975, seeking relief from the judgment.

[2] "893.205. **Within 3 years.** Within 3 years: (1) An action to recover damages for injuries to the person for such injuries sustained on and after July 1, 1955, unless notice in writing as provided in s. 330.19(5), 1955 statutes, was served prior to July 1, 1959, in which event s. 330.19(5), 1955 statutes, shall apply. But no action to recover damages for injuries to the person, received without this state, shall be brought in any court in this state when such action is barred by any statute of limitations of actions of the state or country in which such injury was received unless the person so injured shall, at the time of such injury, have been a resident of this state."

[3] "801.02. **Commencement of action.** (1) A civil action in which a personal judgment is sought, other than certiorari, habeas corpus, mandamus or prohibition, is commenced as to any defendant when a summons and a complaint naming the person as de-

complaint were filed with the circuit court but never served on the named defendants, and an amended summons and complaint merely adding another defendant were both filed and served within sixty days of the first filing, did the action commence as to the originally named defendants upon the filing of the original summons and complaint or upon the filing of the amended summons and complaint?

We conclude that this action commenced upon the filing of the first summons and complaint. Accordingly, we reverse the trial court's judgment and order.

Carol Schlumpf, acting *pro se,* filed a summons and complaint with the circuit court for Milwaukee county on February 15, 1977. She named as defendants Dr. Clyde Yellick and Dr. John Linn, and alleged that they negligently diagnosed and treated her for thrombophlebitis. There is nothing in the record to indicate whether these papers were ever served on the named defendants.

The amended summons and complaint were filed with the court on March 30, 1977. The amended complaint named an additional defendant, Dr. George E. Collentine, claiming that he was also negligent. Otherwise, the amended complaint was identical to the first complaint in its allegations of negligence against Drs. Linn and Yellick.

All three doctors were served with the amended summons and complaint on or before April 6, 1977.

There is no dispute that the alleged negligence of the doctors, and consequently any resulting injury, took place on or after March 4, 1974, the date that Mrs. Schlumpf gave birth by caesarean section. If the action was commenced within three years of such date as to each defend-

fendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing."

ant, the statute of limitations would be tolled and the suit would be timely. *See, Peterson v. Roloff,* 57 Wis.2d 1, 4, 203 N.W.2d 699 (1973).

The statutory procedure for commencing an action, found in sec. 801.02(1), Stats. 1975, provides that a civil action seeking a personal judgment is commenced upon the filing of a summons and a complaint with the court. However, an authenticated copy of the summons and complaint must be served upon the defendant within sixty days after filing.

Once the action is commenced, the statute of limitations is tolled from the date of the filing of the summons and complaint provided that service is made within sixty days after filing. Sec. 893.39, Stats., 1975.[4]

The statutes also provide that a party may amend his pleadings once as a matter of course at anytime prior to the time set in the scheduling order under sec. 802.10, Stats. Sec. 802.09(1), Stats. 1975.[5] If an amendment is

[4] "893.39. **Action, when commenced.** An action shall be deemed commenced, within the meaning of any provision of law which limits the time for the commencement of an action, as to each defendant, when the summons naming the defendant and the complaint are filed with the court, but no action shall be deemed commenced as to any defendant upon whom service of authenticated copies of the summons and complaint has not been made within 60 days after filing."

[5] "802.09. **Amended and supplemental pleadings.** (1) AMENDMENTS. A party may amend the party's pleading once as a matter of course at any time prior to the entry of the scheduling order provided in s. 802.10(1). Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within 20 days after service of the amended pleading unless (a) the court otherwise orders or (b) no responsive pleading is required or permitted under s. 802.01(1)."

Amended by Supreme Court Order, 82 Wis.2d xii, (1978), effective July 1, 1978. The new language allows an amendment to the pleadings once as a matter of course at any time "within 6

made to the pleadings, and the claim asserted in the amended pleading arose out of "the conduct, transaction, or occurrence" set forth or attempted to be set forth in the original pleading, then it relates back to the filing of the original pleading. Sec. 802.09(3), Stats. 1975.[6]

The *pro se* summons and complaint were filed on February 15, 1977. The action commenced on that date. Prior to service, the amended summons and complaint were filed, and within sixty days of the original filing, the amended pleadings were served. The amended pleading relates back to the original filing as to Drs. Linn and Yellick. The defendants, Drs. Linn and Yellick, were served within sixty days of the original filing. The allegations of negligence as to them were identical in the two pleadings. The claims asserted in the amended complaint arose out of the same transaction or occurrence as the claims asserted in the original complaint. The amended complaint related back to the original filing and would

months after the summons and complaint are filed" or within the time set forth in the scheduling order.

[6] "802.09. **Amended and supplemental pleadings.** . . .(3) RELATION BACK OF AMENDMENTS. If the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against such party, the party to be brought in by amendment has received such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against such party."

Amended by Supreme Court Order, 82 Wis.2d xii, (1978), effective July 1, 1978. This amendment deleted the word "conduct" and inserted the word "event." A claim, therefore, relates back if it arose "out of the transaction, occurrence, or event" set forth in the original pleading.

control in later proceedings. There was only one action filed as to these two defendants and the failure to serve both the original and the amended summons and complaint upon these defendants is not fatal to the commencement of the action and the tolling of the statute of limitations.

The primary function of service is to give notice to a party that an action has been commenced against him. *Cruz v. ILHR Dept.*, 81 Wis.2d 442, 453, 260 N.W.2d 692 (1978); *Milwaukee County v. Schmidt, Garden & Erikson*, 35 Wis.2d 33, 36, 150 N.W.2d 354 (1967). When the defendants, Dr. Yellick and Dr. Linn, were served with the amended summons and complaint, they were fully apprised of the nature of the action against them and the general circumstances surrounding the allegations of negligence against them. No prejudice occurred to them when they failed to receive the original complaint because they were properly served with an amended complaint within sixty days of the filing of the original complaint.

The amended complaint added Dr. Collentine as a defendant to the action. The plaintiff concedes that the complaint would not relate back to this defendant. The action as to Dr. Collentine commenced only upon the filing of the amended summons and complaint, March 30, 1977. *Achtor v. Pewaukee Lake Sanitary Dist.*, 88 Wis.2d 658, 662, 663, 277 N.W.2d 778 (1979).

The statutes require that an authenticated copy of the summons and complaint is to be served on the defendant. Authentication is accomplished when the clerk of the court places a filing stamp indicating the case number on each copy of the summons and complaint. Sec. 801.09 (4), Stats. 1975.[7] The original summons and complaint

---

[7] "801.09. **Summons, contents of.** The summons shall contain; (4) There may be as many authenticated copies of the summons and complaint issued to the plaintiff or counsel as are needed for the purpose of effecting service on the defendant. Authentication

were stamped with the number 450–794. The amended summons and complaint had typed in the number 450–795. This resulted in a misfiling of a number of documents but the error was corrected when Circuit Judge George A. Burns ordered the transfer of documents to case number 450–794.

The defendants contend that the documents were not properly authenticated and that service was defective.

In *J.M.S. v. Benson*, 91 Wis.2d 526, 283 N.W.2d 465 (Ct. App. 1979), the clerk stamped copies of the summons and complaint with the name of the court and the time and the date of the filing. However, the case number was not stamped on the papers. The court of appeals explained that the authentication requirement set forth in sec. 801.02(1), Stats., is designed to provide assurance by the clerk that the copy served is a true copy of the complaint and summons and in order to provide a case number for subsequent reference. The action was held to have been properly commenced despite the defect. *J.M.S. v. Benson*, 91 Wis.2d at 531–532.

The reasoning of that case on this issue is persuasive. The misfiling did not prejudice the defendants. They had acquired all the information necessary to respond to the complaint by motion or pleading. There has been no allegation that the copies served upon them varied in any way from the copies filed with the clerk.[8] *See also,*

shall be accomplished by the clerk's placing a filing stamp indicating the case number on each copy of the summons and the complaint."

[8] The defendants allege that case number 450–795 is another action brought by the same plaintiff against a number of named and unnamed defendants arising out of the same injury. There is no reference in the record before this Court to indicate the substance of the action referred to by the defendants. The record of the other case is not capable of accurate and ready determination by this Court and therefore is not one subject to judicial notice.

*Hoesley v. La Crosse V.F.W. Chapter*, 46 Wis.2d 501, 175 N.W.2d 214 (1970). The incorrect filing number was an error which was easily corrected. This kind of error is ". . . of a hypertechnical nature, and the entire tenor of modern law is to prevent the avoidance of adjudication on the merits by resorting to dependency on nonprejudicial and nonjurisdictional technicalities." *Cruz v. ILHR Dept.*, 81 Wis.2d 442, 449, 260 N.W.2d 692 (1978). We conclude that the appearance of the wrong filing number on the amended summons and complaint did not operate to preclude the commencement of this action.

Thus, the action alleging malpractice against Drs. Linn and Yellick commenced on February 15, 1977, and was therefore timely as to these defendants.

The sole remaining question is whether the trial court properly dismissed the action as to Dr. Collentine.

The parties submitted affidavits to show the dates of treatment by the physician defendants. The trial court considered these affidavits in making its ruling. The defendants' motion to dismiss must be treated as a motion for summary judgment.[9]

---

*Perkins v. State*, 61 Wis.2d 341, 346, 212 N.W.2d 141 (1973), *see*, sec. 902.01, Stats. 1977.

[9] "802.06. **Defenses and objection; when and how presented; by pleading or motion; motion for judgment on the pleadings.** . . . (2) How PRESENTED. Every defense, in law or fact, except the defense of improper venue, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or 3rd party claim shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (a) lack of capacity to sue or be sued, (b) lack of jurisdiction over the subject matter, (c) lack of jurisdiction over the person or res, (d) insufficiency of summons or process, (e) untimeliness or insufficiency of service of summons or process, (f) failure to state a claim upon which relief can be granted, (g) failure to join a party under s. 803.03, (h) res judicata, (i) statute of limitations, (j) another action pending between the

This court no longer accords the trial court wide latitude in its decision to grant or deny summary judgment. *Wright v. Hasley*, 86 Wis.2d 572, 578, 273 N.W.2d 319 (1979). Summary judgment should not be granted unless the moving party demonstrates a right to judgment with such clarity as to leave no room for controversy. If the material presented on the motion is subject to conflicting interpretations or reasonable persons may differ as to its significance, it would be improper to grant summary judgment. *Coleman v. Outboard Marine Corp.*, 92 Wis.2d 565, 571, 285 N.W.2d 631 (1979).

The amended complaint alleged that Dr. Collentine treated Mrs. Schlumpf while Dr. Linn was out of town. Dr. Collentine stated in an affidavit that he treated Mrs. Schlumpf on March 20, 1974, and had not seen her professionally since that date. The hospital records and affidavits submitted by Mrs. Schlumpf opposing the motion show that she was admitted to St. Mary's Hospital in Milwaukee on March 21, 1974, by Dr. Collentine. She was discharged on March 30, 1974, and all hospital records until that date are stamped with the name, Dr. G. Collentine. Whether Dr. Collentine was treating Mrs. Schlumpf during this time is unclear. She also alleges that she asked Dr. Collentine to re-admit her to the hos-

same parties for the same cause. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. . . . If on a motion asserting the defense described in (f) to dismiss for failure of the pleading to state a claim upon which relief can be granted, or on a motion asserting the defenses described in (h) or (i), matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in s. 802.08, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by s. 802.08."

pital on April 18, 1974 but he "refused and advised . . . [her] to stay off . . . [her] feet. . . ."

The discharge of Mrs. Schlumpf may have been negligent if there truly had been a failure to diagnose her illness by Dr. Collentine. It is not clear whether he discharged her, but as her admitting physician, it is reasonable to assume that he had some responsibility in the matter. Also, if Dr. Collentine did in fact see Mrs. Schlumpf on April 18, 1974, and there appears to be a material dispute as to this fact, any treatment occurring on that date would be within the statute of limitations. Based on the record before this Court, the trial court erred in granting summary judgment.

*By the Court.*—Judgment and order reversed and cause remanded for further proceedings.