STATE of Wisconsin, Plaintiff-Appellant,

v.

William D. HOOPER a/k/a Billy D. Hooper a/k/a William Smith and $22,120.10 in United States currency and four (4) checks made payable to William Hooper in the aggregate amount of $1,000.00 and a check made payable to Billy Hooper in the amount of $200.00, Defendant-Respondent.†

Court of Appeals

*No. 83–1616. Submitted on briefs November 9, 1984.— Decided January 24, 1985.*
(Also reported in 364 N.W.2d 175.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Diane M. Nicks,* assistant attorney general.

For the defendant-respondent the cause was submitted on the brief of *James J. Ewers* and *Ewers Law Office* of Madison.

Before Gartzke, P.J., Bablitch, J., and Dykman, J.

GARTZKE, P.J.    The state appeals an order dismissing its complaint in a forfeiture action brought under the Uniform Controlled Substances Act, ch. 161, Stats. We reverse.

The state seeks forfeiture of $22,120.10 in currency, and $1,200 in checks payable to defendant Hooper. The currency and checks are alleged to be Hooper's personal property and to have been derived from the crime of delivering cocaine. The action is brought pursuant to sec. 161.55 (1) (f), Stats., which provides that "[a]ll property, real or personal, including money, directly or indirectly derived from or realized through the commission of any crime under this chapter" is subject to forfeiture.

The issues are whether a forfeiture complaint must be dismissed if the owner of the seized property is not

alleged to have been charged with a crime under ch. 161, Stats., a statutorily required forfeiture affidavit is unauthenticated, and the affidavit is by a person who did not seize the property. We conclude that a criminal charge is not a precondition, the missing authentication is not fatal, but the affidavit is not made by the proper person. We also conclude, however, that the state should be allowed to submit an affidavit meeting the statutory requirements.

Wisconsin has enacted a specific forfeiture enforcement procedure not found in the uniform act. Section 161.555(2)(a), Stats., provides in part, "The forfeiture action shall be commenced by filing a summons, complaint and affidavit of the person who seized the property with the clerk of circuit court and by serving authenticated copies of such papers upon the person from whom the property was seized and upon any person known to have a bona fide perfected security interest in the property."

Hooper was served with copies of the forfeiture summons, complaint and affidavit. The copies of the summons and complaint were authenticated. The copy of the affidavit was not.

The complaint alleges that Richard Berghammer, a special agent with the Wisconsin Division of Criminal Investigation (DCI), seized the currency and checks at Hooper's residence. An affidavit by Thomas Steingraber, a regional supervisor of DCI, is attached to the complaint. Steingraber states he has read Berghammer's report and the report of another named special agent. Steingraber's description of the seizure is based on those reports.

The trial court dismissed the complaint because the affidavit was not based on firsthand knowledge, the copy of the affidavit served on Hooper was unauthenticated, and the complaint fails to show that Hooper had been charged with a crime under ch. 161, Stats. Since sec.

161.555(2)(a), Stats., requires commencement of a forfeiture action within 30 days after the seizure, and that period had expired, the court held that the state could not amend the affidavit.

We hold that a forfeiture action lies, whether or not a criminal charge has been brought against the owner of the property seized. We reason as follows: The state must prove that the property is subject to forfeiture under sec. 161.55, Stats. Sec. 161.555(3). The complaint alleges that the seized property is subject to forfeiture under sec. 161.55(1)(f), which requires only that the state show that the seized property was "derived from or realized through the commission of any crime under" ch. 161. Consequently, the trial court erred when it dismissed the complaint for failure to allege that Hooper, the owner of the seized property, had been charged with a crime under ch. 161.

Service of an unauthenticated copy of the forfeiture affidavit is not fatal to the action. Authentication is governed by sec. 801.09(4), Stats. Authentication of a summons and complaint is accomplished by the clerk's placing a filing stamp indicating the case number on each copy of the summons and complaint. Sec. 801.09 (4). We hold that for purposes of sec. 161.555(2)(a), Stats., a forfeiture affidavit is authenticated the same way.

Because Hooper does not claim prejudice from the lack of authentication, or that the served copy varies from the filed affidavit, failure to authenticate the copy served on Hooper does not justify dismissal of the action. The purpose of authentication is to provide assurance by the clerk that the copies served are true copies of the filed documents and to provide the case number for future reference. *Schlumpf v. Yellick,* 94 Wis. 2d 504, 510–11, 288 N.W.2d 834, 838 (1980). The clerk's failure properly

to authenticate a summons and complaint pursuant to sec. 801.09(4), Stats., is no impediment to the commencement of an action, unless the party served has been prejudiced or the copies served vary from the copies filed with the clerk. *Id.* The same reasoning applies to a forfeiture action brought under sec. 161.55(1)(f), Stats.

We turn to the question whether the forfeiture affidavit may be prepared by the DCI supervisor on the basis of reports. The requirement in sec. 161.555(2)(a), Stats., that the affidavit be made by "the person who seized the property" is ambiguous. A reasonable person could interpret the requirement to refer to the person who physically grasped the property or directed another to grasp it at the scene or ordered the seizure.

Our approach to an ambiguous statute is fixed by the case law:

The meaning of an ambiguous statute is a question of law which we review independently. When determining the meaning of ambiguous statutes, we employ judicial rules of statutory construction to ascertain the intention of the legislature. We look to the statutory context, subject matter, scope, history and object to be accomplished. We search for a reasonable meaning in the statute and avoid absurd results.

*St. John Vianney Sch. v. Janesville Ed. Bd.*, 114 Wis. 2d 140, 151, 336 N.W.2d 387, 391 (Ct. App. 1983) (citations omitted).

The affidavit must accompany the summons and complaint filed and served on the person from whom the property was seized. Sec. 161.555(2)(a), Stats. It is therefore part of the pleadings in a forfeiture enforcement action. The purpose of pleadings is to give the parties notice of their respective contentions. The affidavit has a special function, however, not met by a complaint. The forfeiture action must be commenced within

thirty days after the seizure of the property and must be set for hearing within sixty days of the service of the answer, unless continued. Sec. 161.555(2)(a) and (b). The purpose of the affidavit is therefore to expedite preparation for trial by disclosure through a knowledgeable person of the facts and circumstances surrounding the seizure.

The purpose is met if the affidavit is executed by the person or persons who were present when the seizure occurred. Those persons probably will testify at the trial. The same purpose is met if the affidavit is executed by the person who ordered the seizure and to whom those who were present reported the facts and circumstances. Such an affidavit discloses the names of those present and the circumstances as reported to a person who is entitled to assume that the information is reliable.

The affidavit in the case before us was executed by a person who was neither present during the seizure nor who asserts that he ordered the seizure and subsequently received reports from those present. We hold that the affidavit does not meet the requirements of sec. 161.555 (2)(a), Stats.

The state argues that it should be allowed to amend the defective affidavit. We agree. In *State v. One 1973 Cadillac*, 95 Wis. 2d 641, 646–47, 291 N.W.2d 626, 629–30 (Ct. App. 1980), we held that the state could amend a defective pleading in a ch. 161, Stats., forfeiture action to relate back to the original date of filing if the claim asserted in the amended pleading arose out of the same set of events. The affidavit is part of the pleadings in the forfeiture action, and should be subject to amendment as are the other pleadings.

*By the Court.*—Order reversed.