CITY OF MILWAUKEE, Plaintiff-Respondent,

v.

Martin J. GREENBERG, Defendant-Appellant,†
Lawrence EATON, Defendant.

Court of Appeals

*No. 90-0088. Submitted on briefs May 3, 1990.—Decided July 3, 1990.*

(Also reported in 459 N.W.2d 588.)

†Petition to review granted.

For the defendant-appellant the cause was submitted on the briefs of *Joe A. Goldberger* of *Martin J. Greenberg & Associates,* of Milwaukee, Wisconsin.

For the plaintiff-respondent the cause was submitted on the briefs of *Grant F. Langley,* city attorney, and *Beverly A. Temple,* assistant city attorney, of Milwaukee, Wisconsin.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J. Martin J. Greenberg appeals from a summary judgment for the cost of razing two dwellings at 3106 West Lisbon Avenue in the City of Milwaukee. He argues that as a land contract vendor of the property he is not liable for these costs. We disagree and affirm the judgment of the circuit court.

The facts are undisputed. Greenberg transferred the property to Lawrence J. Eaton on a land contract. The contract was duly recorded in the Office of the Register of Deeds for Milwaukee County. Subsequently, the Department of Building Inspection for the City of Milwaukee issued a raze and remove order to "Owners and Lienholders of Record," including Greenberg. The order required the owners to raze and remove the dwellings on the property within thirty days. It further informed Greenberg that in the event he failed or refused to comply with the order, the costs of razing the dwellings

would be assessed against the property and collected as a special tax, *see* sec. 66.05(2)(a), Stats., or by a personal action against him, *see* sec. 74.53, Stats. When no owner complied with the order, the City razed the dwellings at a cost of $3,905. The City billed Greenberg for these costs and filed suit against him and Eaton. The trial court granted the City's motion for summary judgment, and Greenberg appeals.

The dispositive issue is whether a land contract vendor is a property owner within the meaning of secs. 66.05(2)(a) and 74.53, Stats.

Section 66.05(2)(a), Stats., provides in part:

> If the owner fails or refuses to comply within the time prescribed, the inspector of buildings or other designated officer shall cause such building or part thereof to be razed and removed either through any available public agency or by contract or arrangement with private persons, or closed if unfit for human habitation, occupancy or use. The cost of such razing and removal or closing shall be charged against the real estate upon which such building is located and shall be a lien upon such real estate, and shall be assessed and collected as a special tax.

Section 74.53, Stats., provides in part:

> **Personal liability for delinquent taxes and other costs. (1)** RECOVERY OF TAXES AND COSTS AGAINST PERSONS. Except as provided in subs. (3) and (5), a county or a city authorized to act under s. 74.87 may bring a civil action against a person to recover any of the following amounts that are included in the tax roll for collection:
>
> (a) Delinquent real property taxes, special charges, special assessments and special taxes that were delinquent during the period that the person owned the property.

(b) The cost of razing property incurred under s. 66.05(2), (5) or (8)(bg) or of filling an excavation incurred under s. 66.05(6) if the person owned the property when the property was razed or the excavation was filled.

Application of a statute to undisputed facts presents an issue of law which we review *de novo*. *Boltz v. Boltz,* 133 Wis. 2d 278, 282, 395 N.W.2d 605, 606 (Ct. App. 1986).

Greenberg's sole argument on appeal is that he is not an "owner" under secs. 66.05(2)(a) and 74.53, Stats. Relying on a dictionary definition, he argues that a vendor is a person who conveys real estate, and that if the conveyance is a land contract, the vendor is left only with a lien to secure the contract balance due. Greenberg also relies on sec. 66.021(1)(b), Stats., which provides:

"Owner" means the holder of record of an estate in possession in fee simple, or for life, in the land or real property, or a vendee of record under a land contract for the sale of an estate in possession in fee simple or for life *but does not include the vendor under a land contract.* [Emphasis added.]

Greenberg's argument requires us to determine if a land contract vendor is an owner of the property within the meaning of secs. 66.05 and 74.53, Stats. An unambiguous statute may contain words that have a variety of meanings. *See Lukaszewicz v. Concrete Research, Inc.,* 43 Wis. 2d 335, 342, 168 N.W.2d 581, 585 (1969). We are bound to ascertain and enforce legislative intent; therefore, we construe the meaning of individual words in an unambiguous statute by reference to the context of its subject matter. *Id.*

*Continental Casualty Co. v. Transport Indemnity Co.,* 16 Wis. 2d 189, 114 N.W.2d 137 (1962) involved an indemnitor's statutory liability for damages recoverable against an "owner" of a motor vehicle. In the context of this specific fact situation, the supreme court considered the meaning of the word "owner" in broad terms:

> The term "owner" is of quite general application and *is frequently applied to one having an interest in or claim upon property less than absolute and unqualified title.* The word "owner" has no fixed meaning, but must be interpreted in its context and according to the circumstances in which it is used.

*Id.* at 193, 114 N.W.2d at 139 (emphasis added). In *Matter of Foreclosure of Tax Liens,* 106 Wis. 2d 244, 250, 316 N.W.2d 362, 365 (1982), the supreme court determined that a land contract vendor's security interest in the property required notice to him of a pending tax lien foreclosure provided by sec. 75.521, Stats. (1977). The court said: "As the holder of legal title to the property, the land contract vendor qualifies as an 'owner' for the purposes of sec. 75.521." *Id.*

In context, the relevant statutes contain no limitation on the word "owner." The statutes enable the City to recover a special tax or sue directly for the cost of razing and removing condemned buildings. We conclude that however minor the vendor's interest is in comparison with the vendee's, it is sufficient to constitute ownership under secs. 66.05(2)(a) and 74.53, Stats.

We reject Greenberg's invitation to apply the definition of "owner" in sec. 66.021(1)(b), Stats. The definition is specifically limited to sec. 66.021, which pertains to annexations and bears no relationship, expressly,

inferentially, or logically to the monetary recovery sought in this action.

Because this issue is dispositive, we decline to consider the other arguments presented on appeal for affirmance. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938).

*By the Court.*—Judgment affirmed.