AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, Plaintiff,

v.

ROYAL INSURANCE COMPANY OF AMERICA,
Defendant-Respondent,†

MILWAUKEE MUTUAL INSURANCE COMPANY,
Defendant-Appellant,

Julia B. POST, Karen J. Cardinal and Leader National
Insurance Company, Defendants.

Court of Appeals

*No. 90-1010. Submitted on briefs November 19, 1990.—Decided
January 30, 1991.*

(Also reported in 465 N.W.2d 841.)

† Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Russell M. Ware* and *Timothy S. Knurr* of *Schoone, Ware, Fortune & Leuck, S.C.* of Racine.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Susan E. Simanek* of *Albert, Jude, Shuman & Simanek, S.C.* of Racine.

Before Brown, Scott and Anderson, JJ.

SCOTT, J.   In this subrogation case, Milwaukee Mutual Insurance Company appeals from a summary judgment granted in favor of Royal Insurance Company of America. Milwaukee Mutual contends the trial court was without jurisdiction over it because Royal's photo-copied summons, complaint and cross-complaint were never presented to the clerk of courts and so were not "authenticated" within the meaning of secs. 801.02(1) and 801.09(4), Stats., and therefore were fatally defective. We agree and reverse.

This case arose from a 1986 automobile accident involving the insureds of American Family Mutual Insurance Company, Leader National Insurance Company, Milwaukee Mutual and Royal.[1] Over the next three years, American Family made $5,000 in medical payments to its insured. Seeking reimbursement for those payments, American Family sued Royal and Milwaukee Mutual. Royal answered and attempted to cross-claim against Milwaukee Mutual and Leader National. Royal attempted service on Milwaukee Mutual by sending to the Office of the Commissioner of Insurance[2] photocopies of the authenticated summons and complaint American Family had served on Royal, and a photocopy of Royal's Amended Answer, Affirmative Defenses, Counterclaim and Cross-claims. None of the photocopies were themselves authenticated.

Milwaukee Mutual did not answer American Family's complaint and Royal's cross-complaint. When Milwaukee Mutual's time to answer expired, Royal moved for a default judgment. Milwaukee Mutual objected, alleging a jurisdictional defect based on improper service. It contended that service of a *photocopy* of the authenticated summons and complaint, which photocopy was not itself authenticated, constituted improper service under Wisconsin Rules of Civil Procedure. The trial court disagreed and ruled that it had jurisdiction.

Milwaukee Mutual then answered, asserting lack of jurisdiction as an affirmative defense. Royal moved for summary judgment, which Milwaukee Mutual opposed by seeking reconsideration of the circuit court's ruling on jurisdiction. The request for reconsideration was denied

[1]This case is a companion case to *Cardinal v. Leader Nat'l Ins. Co.*, 158 Wis. 2d 147, 461 N.W.2d 799 (Ct. App. 1990).

[2]*See* sec. 601.72(1)(a), Stats.

and summary judgment was granted in favor of Royal. Milwaukee Mutual appeals.

Commencement of an action is governed by sec. 801.02(1), Stats., which provides:

> A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an *authenticated* copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing. [Emphasis added.]

Section 801.09(4), Stats., describes authentication:

> Authentication shall be accomplished by the clerk's placing a filing stamp indicating the case number on each copy of the summons and the complaint.

■ Proper commencement of an action serves two purposes: it gives notice and confers jurisdiction. *See Bulik v. Arrow Realty, Inc.,* 148 Wis. 2d 441, 444, 434 N.W.2d 853, 854 (Ct. App. 1988). The question on appeal concerns the degree of compliance with the authentication statute necessary to confer personal jurisdiction. More specifically, the issue is whether photocopies of an authenticated summons and complaint—where the photocopies themselves have not been presented to the clerk for authentication—constitute authenticated copies within the meaning of secs. 801.02(1) and 801.09(4), Stats.

■■ Determining what constitutes "authentication" within the meaning of the statute is, in part, a matter of statutory construction. Statutory construction is a question of law. *State v. Michels,* 141 Wis. 2d 81, 87, 414

N.W.2d 311, 313 (Ct. App. 1987). So also is the application of a statute to undisputed facts. *City of Milwaukee v. Greenberg,* 157 Wis. 2d 326, 329, 459 N.W.2d 588, 590 (Ct. App. 1990). We review such questions *de novo. Id.*

Two lines of cases emerge in Wisconsin law as to the degree of compliance required. One line holds that errors are not jurisdictional unless prejudice results or the copies served vary from the copies filed with the clerk. *See, e.g., Schlumpf v. Yellick,* 94 Wis. 2d 504, 510, 288 N.W.2d 834, 838 (1980). In *Schlumpf,* the amended summons and complaint bore a case number different from that entered on the original summons and complaint. A number of papers were misfiled before the error was caught and corrected. The defendants contended the documents were not properly authenticated and that service was therefore defective. The supreme court rejected the defendants' argument, citing *J.M.S. v. Benson,* 91 Wis. 2d 526, 531, 283 N.W.2d 465, 467 (Ct. App. 1979),[3] where the absence of a case number on the clerk's filing stamp was held not to void authentication. *Schlumpf,* 94 Wis. 2d at 510, 288 N.W.2d at 838.

Lack of authentication of one of the necessary documents also has been held to be a nonjurisdictional defect. *State v. Hooper,* 122 Wis. 2d 748, 751–52, 364 N.W.2d 175, 177 (Ct. App. 1985). *Hooper* was a civil forfeiture action brought under ch. 161, Stats., which requires serving authenticated copies of a summons, complaint and affidavit. Section 161.555(2)(a), Stats. The affidavit served on Hooper was not authenticated, however.[4] Cit-

---

[3]This case was reversed on other grounds. *J.M.S. v. Benson,* 98 Wis. 2d 406, 297 N.W.2d 18 (1980).

[4]The facts of *State v. Hooper,* 122 Wis. 2d 748, 364 N.W.2d 175 (Ct. App. 1985), are not given in detail and it is unclear why the affidavit was not authenticated. However, because the summons and complaint were presented to the clerk and were prop-

ing *Schlumpf,* the appellate court ruled that service of an unauthenticated copy of the forfeiture affidavit was not fatal to the action because Hooper claimed neither prejudice nor that the served copy varied from the one filed.

The second line of cases holds that strict compliance is mandatory, even though the result may be harsh. *See, e.g., Mech v. Borowski,* 116 Wis. 2d 683, 686, 342 N.W.2d 759, 760 (Ct. App. 1983). In *Mech,* the plaintiff (Mech) served a copy of her summons and complaint on the defendants before, instead of after, filing the original summons and complaint; thus, the served copies had never been presented to the clerk for authentication. The circuit court ruled it was without jurisdiction. *Id.* at 684, 342 N.W.2d at 759.

On appeal, Mech argued that since the defendants had notice of the action, they were not prejudiced by the lack of statutory compliance and thus to dismiss her case produced an inequitable result. The court of appeals rejected her argument and affirmed the circuit court decision, stating:

> Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh . . . .. [S]ervice of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction, even though a different method might properly have been prescribed, and despite actual knowledge by the defendant . . . .. If the statutory prescriptions are to be meaningful, they must be unbending.

*Id.* at 686, 342 N.W.2d at 760 (citations omitted).

---

erly authenticated, we view the result as an example of improper, rather than lack of, authentication.

*Bulik,* a recent court of appeals case, sought to harmonize the apparent conflict in the two lines of cases. *Bulik* declared the distinguishing element to be whether the deviation from the statute results in a "technical" error or a "fundamental" error. *Bulik,* 148 Wis. 2d at 446–47, 434 N.W.2d at 855. Where the defect is technical in nature, personal jurisdiction is not defeated unless the complaining party can show prejudice. *Id.* at 445–46, 434 N.W.2d at 854–55. Where the error is fundamental, however, prejudice is irrelevant because where trial court authority over the parties is absent in the first instance, jurisdiction does not attach. *Id.* at 446–47, 434 N.W.2d at 855.

Section 801.09(4), Stats., plainly requires an affirmative act by the clerk. In fact, one reason for the authentication requirement set forth in sec. 801.02(1), Stats., is to provide assurance by the clerk that the copy served is a true copy of the summons and complaint. *Schlumpf,* 94 Wis. 2d at 510, 288 N.W.2d at 838. Therefore, we are able to reconcile the seeming incongruities in the two lines of cases. We read *Mech* and *Bulik* to stand for the proposition that the defect is fundamental where there has not been substantial compliance with the authentication statute—*i.e.,* where authentication is not accomplished because the clerk is given no opportunity to affirmatively act upon the documents. Jurisdiction does not attach where the authentication defect is fundamental. *See Bulik,* 148 Wis. 2d at 446, 434 N.W.2d at 855.

Conversely, we read the *Schlumpf/Benson/Hooper* line of cases to stand for the proposition that jurisdiction will attach when a party substantially complies with the authentication statute. Thus, where the clerk is afforded the opportunity to properly authenticate the documents,

462

an irregularity in procedure on the part of the clerk will be deemed a technical error.

Employing the *Bulik* distinction, we apply the statute to the undisputed facts of this case. We conclude that the error here—the failure to present the photocopied documents to the clerk at all—was fundamental in nature. Although the original summons, complaint and cross-complaint were properly authenticated, the clerk had no opportunity to undertake the required affirmative act as to the photocopies. The circuit court was without personal jurisdiction over Milwaukee Mutual.

*By the Court.*—Judgment reversed.