AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, Plaintiff,

v.

ROYAL INSURANCE COMPANY OF AMERICA,
Defendant-Respondent-Petitioner,†

MILWAUKEE MUTUAL INSURANCE COMPANY,
Defendant-Appellant,

Julia B. POST, Karen J. Cardinal and Leader National
Insurance Company, Defendants.

Supreme Court

*No. 90-1010. Oral argument January 2, 1992.—Decided April 8,
1992.*

(Also reported in 481 N.W.2d 629.)

†Motion for reconsideration denied May 19,1992.

For the defendant-respondent-petitioner there were briefs by *John J. Albert* and *Albert, Jude, Shuman & Simanek, S.C.*, Racine and oral argument by *John J. Albert*.

For the defendant-appellant there was a brief by *Russell M. Ware, Timothy S. Knurr* and *Schoone, Ware, Fortune & Leuck, S.C.*, Racine and oral argument by *Russell M. Ware*.

DAY, J.  This is a review of a published decision of the court of appeals,[1] reversing a judgment of the Circuit Court for Racine County, Honorable Emmanuel J. Vuvunas, Judge, which had granted Royal Insurance

[1] *Am. Family Mut. Ins. v. Royal Ins. Co.,*160 Wis. 2d 455, 465 N.W.2d 841 (Ct. App. 1991).

Company of America's Motion for Summary Judgment against Milwaukee Mutual Insurance Company.

The issue is whether service of an unauthenticated photocopy of an authenticated Summons and Complaint is sufficient to meet the requirement of service of an authenticated Summons and Complaint necessary to commence an action under ch. 801, Civil Procedure—Commencement of Action and Venue. We hold such service was fundamentally defective and therefore the circuit court lacked personal jurisdiction over Milwaukee Mutual Insurance Company. Therefore, we affirm the court of appeals.

The facts arise out of the companion case decided by this court, *Cardinal v. Leader Nat'l Ins. Co.*, 166 Wis. 2d 375, 480 N.W.2d 1 (1992). On March 30, 1986 a two vehicle accident causing personal injuries occurred involving the insureds of American Family Mutual Insurance Company (American Family), Leader National Insurance Company (Leader), Milwaukee Mutual Insurance Company (Milwaukee Mutual), and Royal Insurance Company of America (Royal). The only parties before us are Royal and Milwaukee Mutual.

After the accident, American Family made $5,000 in payments to its insured. American Family filed a Summons and Complaint against, *inter alia,* Royal and "ABC Insurance Co." seeking reimbursement (American Family apparently had yet to determine the true identity of "ABC Insurance Co." was Milwaukee Mutual). American Family did not serve Milwaukee Mutual with the Summons and Complaint.

Royal filed its Answer and Affirmative Defenses in response to American Family's Summons and Complaint and cross-claimed against Milwaukee Mutual. Royal realized that it was necessary for American Family's Summons and Complaint to be served upon Mil-

527

waukee Mutual and in May, 1989, through the Office of the Commissioner of Insurance, Royal served Milwaukee Mutual with unauthenticated photocopies of American Family's authenticated Summons and Complaint and Royal's Cross-Claim. It is the service of the unauthenticated photocopy of the authenticated Summons and Complaint that is at issue.

When Milwaukee Mutual did not timely answer Royal's Cross-Complaint, Royal moved for Default Judgment. In response, Milwaukee Mutual filed: (1) a Motion to Dismiss the Action for lack of jurisdiction, (2) a Motion for an Order Extending Milwaukee Mutual's Time to Answer Royal's Cross-Claim if the action was not dismissed, and (3) its Answer and Affirmative Defenses to Royal's Cross-Claim. Milwaukee Mutual argued that the circuit court lacked personal jurisdiction over Milwaukee Mutual because of "insufficiency of process and an insufficiency of service of process."

The circuit court denied Royal's Motion for Default Judgment and Milwaukee Mutual's Motion for Dismissal, and granted Milwaukee Mutual's Motion for Extension of Time in which to answer. Royal moved for Summary Judgment against Milwaukee Mutual's Answer and Affirmative Defenses. Thereafter, Milwaukee Mutual moved for reconsideration of the circuit court's denial of its Motion to Dismiss. The circuit court denied Milwaukee Mutual's Motion for Reconsideration and granted Royal's Motion for Summary Judgment.

Milwaukee Mutual appealed. The court of appeals reversed the circuit court and held that service of an unauthenticated photocopy of an authenticated Summons and Complaint was fundamentally defective and therefore the circuit court lacked personal jurisdiction over Milwaukee Mutual.

Royal filed a petition for review which this court granted. The question is whether service of an unauthenticated photocopy of an authenticated Summons and Complaint precludes a circuit court from obtaining personal jurisdiction.

Section 801.02(1) Stats., 1989-90 sets forth the procedures necessary to commence an action:

> **801.02 Commencement of action.** (1) A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing.

Section 801.09(4) Stats., 1989-90 clarifies "authentication":

> **801.09 Summons, contents of.**
> (4) There may be as many authenticated copies of the summons and the complaint issued to the plaintiff or counsel as are needed for the purpose of effecting service on the defendant. Authentication shall be accomplished by the clerk's placing a filing stamp indicating the case number on each copy of the summons and the complaint.

Determining what constitutes "authentication" under secs. 801.02 and 801.09 Stats., involves statutory interpretation. Questions of statutory interpretation are questions of law this court reviews *de novo*. *Town of Clearfield v. Cushman,* 150 Wis. 2d 10, 19, 440 N.W.2d 562 (1989).

The purpose of the Summons is two-fold: it gives notice to the defendant that an action has been commenced against such defendant and it confers jurisdiction on the court over the person served. *Bulik v. Arrow Realty, Inc.*, 148 Wis. 2d 441, 444, 434 N.W.2d 853 (Ct. App. 1988). The purpose of authentication is to give assurance by the clerk that copies served are true copies of filed documents and to provide the case number for future reference. *J.M.S. v. Benson*, 91 Wis. 2d 526, 532, 283 N.W.2d 465 (Ct. App. 1979), *rev'd on other grounds*, 98 Wis. 2d 406, 297 N.W.2d 18 (1980).

Several Wisconsin cases have addressed whether defects in a Summons and Complaint are fatal to jurisdiction. Two lines of analyses emerge; one stressing strict statutory compliance, the other allowing for non-prejudicial technical errors.

*Danielson v. Brody Seating Co.*, 71 Wis. 2d 424, 238 N.W.2d 531 (1976), involved the defective service of a Summons and Complaint upon a corporate defendant. This court held that the circuit court did not have jurisdiction over an improperly served corporate defendant regardless of whether that defendant had actual notice of the action. This court stated:

> The service of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction, even though a different method might properly have been prescribed, and notwithstanding actual knowledge by the defendant.
>
> . . ..
>
> The evidence does support actual notice, but actual notice alone is not enough to confer jurisdiction upon the court. Service must be made in accordance with the manner prescribed by statute.

530

*Danielson,* 71 Wis. 2d at 429–30.

In *Mech v. Borowski,* 116 Wis. 2d 683, 342 N.W.2d 759 (Ct. App. 1983), plaintiff served a copy of her Summons and Complaint on the defendant before, instead of after, filing the original. This resulted in the service of an unauthenticated Summons and Complaint. Plaintiff argued that since defendants had notice of the action, they were not prejudiced by the lack of statutory compliance and dismissal of the case would contravene the equitable doctrine of fairness.

The court of appeals held that the service of unauthenticated Summons and Complaint was ineffective for the circuit court to acquire jurisdiction. The court of appeals stated: "Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh." *Mech,* 116 Wis. 2d at 686 (citation omitted).

In *Canadian Pac. Ltd. v. Omark-Prentice Hydraulics,* 86 Wis. 2d 369, 272 N.W.2d 407 (Ct. App. 1978), complainant's Summons omitted stating the defendant must answer within 20 days. Finding the defendant was not misled to his prejudice, the court of appeals concluded that the defect in the Summons was not a jurisdictional defect. *Canadian,* 86 Wis. 2d at 374.

In *J.M.S. v. Benson,* 91 Wis. 2d 526, 283 N.W.2d 465 (Ct. App. 1979), the clerk stamped copies of the Amended Summons and Complaint with the name of the court and the time and date of filing, but neglected to stamp the case number on the papers also. Concluding that a Summons, as notice, may contain minor inconsequential inaccuracies, and noting that defendant did not claim that the copies served varied with the originals or that he was misled, the court of appeals held that the action was properly commenced. *J.M.S.,* 91 Wis. 2d at 532.

In *Schlumpf v. Yelnick,* 94 Wis. 2d 504, 288 N.W.2d 834 (1980), the Amended Summons and Complaint had a different number typed in than was stamped on the original Summons and Complaint. The defendant argued that the amended version was not properly authenticated and therefore service was defective.

This court held that the wrong number on the Amended Summons and Complaint did not preclude commencement of the action noting that "[t]his kind of error is '. . . of a hypertechnical nature, and the entire tenor of modern law is to prevent the avoidance of adjudication on the merits by resorting to dependency on nonprejudicial and nonjurisdictional technicalities.' " *Schlumpf,* 94 Wis. 2d at 511 (citation omitted).

*State v. Hooper,* 122 Wis. 2d 748, 364 N.W.2d 175 (Ct. App. 1985), involved a ch. 161 civil forfeiture action requiring authentication of the Summons, Complaint, and Affidavit. The Summons and Complaint were authenticated, the Affidavit was not. The court of appeals held that the lack of Affidavit authentication was not fatal to the action because the defendant did not claim prejudice from the lack of authentication, or that the served copy varied from the filed affidavit. *Hooper,* 122 Wis. 2d at 751.

In *Bulik v. Arrow Realty, Inc.,* 148 Wis. 2d 441, 434 N.W.2d 853 (Ct. App. 1988), a defendant was timely served with an authenticated Summons and Complaint but was not named as a defendant in the Summons. The court of appeals held that the Summons failed to give notice that an action had been commenced against the defendant, and that this was a fundamental error which deprived the court of jurisdiction over the defendant. *Bulik,* 148 Wis. 2d at 445-47.

The court of appeals noted that there was a distinction between "fundamental defects" and "technical

defects," and stated that "all defects following after the power of the court 'captured' the parties were technical in nature." *Id.* at 446.

We cannot reconcile these analyses. Nevertheless, like the court of appeals in this case, we recognize the logic of *Bulik*'s distinction between "fundamental" and "technical" defects. However, we depart from the court of appeal's opinion in two ways.

First, we formulate the test as follows: Defects are either technical or fundamental—where the defect is technical, the court has personal jurisdiction only if the complainant can show the defendant was not prejudiced, and, where the defect is fundamental, no personal jurisdiction attaches regardless of prejudice or lack thereof.

The burden is on the complainant, *i.e.,* the one alleged to have served the defective pleading, to show there was no defect, or, if there was a defect, that it was not fundamental but technical and did not prejudice the defendant. This differs from the court of appeals' test in that it places the burden on the complainant, in this case Royal, rather than the "complaining party," in this case Milwaukee Mutual. *Am. Family Mut. Ins. v. Royal Ins. Co.,* 160 Wis. 2d at 462.

Second, we reject the court of appeals' conclusion that a defect is not fundamental where the complainant has "substantially complied" with sec. 801.09(4) Stats., the authentication statute. *Am. Family Mut. Ins. v. Royal Ins. Co.,* 160 Wis. 2d at 462.

We conclude that a fundamental defect or error occurs where the complainant fails, if challenged, to meet the burden specified under sec. 801.02(1) Stats., *i.e.,* where complainant fails to file a Summons and

533

Complaint naming the defendant, where the copy served upon the defendant is not authenticated, or where the service of the authenticated copy of the Summons and Complaint is not made within 60 days after filing. Substantial compliance is not a factor. Complainant must show compliance with the burden of sec. 801.02(1) Stats.

Whether the complainant met such burden under sec. 801.02(1) Stats., however, does not encompass the clerk's responsibilities. Thus, an erroneous case number stamped on the Summons and Complaint by the clerk should not be viewed as fundamental. Such error is technical and will not preclude personal jurisdiction unless the defendant is prejudiced thereby. The thrust of sec. 801.02(1) Stats., is to place upon complainant the burden of properly commencing an action. While complainant has the burden to meet the requirements of sec. 801.02(1) Stats., a clerk's responsibility to perform his or her duty of stamping a Summons and Complaint is beyond the control of the complainant.

It must be stressed that the complainant cannot prove a defect was not fundamental by showing the defendant was not prejudiced by complainant's error. For example, where complainant fails to name the defendant, fails to present the clerk with the Summons and Complaint to be authenticated, or fails to serve the Summons and Complaint within 60 days of filing, it will not suffice for the complainant to show the defendant had actual notice.

Failure to comply with sec. 801.02(1) Stats., constitutes a fundamental error which necessarily precludes personal jurisdiction regardless of the presence or absence of prejudice. The existence of prejudice is only

534

relevant once the complainant has demonstrated that the error was technical, *i.e.,* the error was not fundamental.

In the present case, the complainant failed to give the clerk the opportunity to authenticate the photocopy of the authenticated Summons and Complaint. Complainant thereby failed to meet the burden under sec. 801.02(1) Stats. Such failure is fundamental. Because complainant's failure was fundamental, the circuit court never acquired personal jurisdiction over Milwaukee Mutual. We affirm the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed and the cause remanded for further proceedings not inconsistent with this opinion.