COURT OF APPEALS
DECISION
DATED AND FILED

June 6, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.   2022AP911**
**2022AP912**

Cir. Ct. Nos.  2020TP82
2020TP83

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT I**

APPEAL NO. 2022AP911

IN RE THE TERMINATION OF PARENTAL RIGHTS TO I.H., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

V.

I.B.,

RESPONDENT-APPELLANT.

APPEAL NO. 2022AP912

IN RE THE TERMINATION OF PARENTAL RIGHTS TO K.H., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

**v.**

**I.B.,**

RESPONDENT-APPELLANT.

APPEALS from orders of the circuit court for Milwaukee County: MARSHALL B. MURRAY, Judge. *Affirmed*.

¶1 DONALD, P.J.[1] I.B. (hereinafter "Ivy")[2] appeals the orders of the trial court terminating her parental rights to her children, I.H. and K.H. On appeal, Ivy contends that the State failed to comply with the service requirements prescribed in WIS. STAT. § 48.42(4), which prevented the trial court from assuming personal jurisdiction over her and deprived the trial court of competency. In addition, Ivy contends that trial counsel was ineffective for failing to seek dismissal of the termination petitions based on the alleged service defect. For the reasons discussed below, I affirm.

## BACKGROUND

¶2 In December 2018, a protective plan was put in place after Ivy was found to be living with her children, eight-year-old I.H. and four-year-old K.H., in an abandoned upper flat that had no heat, stove, refrigerator, microwave, or furniture. The home did not have sufficient food for the children and was

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] I use a pseudonym for I.B. in accordance with WIS. STAT. § 809.19(1)(g).

extremely cold given the lack of heat and the time of the year. There were also concerns about substance abuse.

¶3 On June 12, 2019, a CHIPS dispositional order was put in place for both children. Subsequently, on April 9, 2020, the State filed substantially identical petitions to terminate Ivy's parental rights to I.H. and K.H. The petitions alleged that grounds existed to terminate her parental rights based on continuing CHIPS and failure to assume parental responsibility. At the time of the petitions, there were still safety concerns related to Ivy's illegal drug use and ability to parent.

¶4 On May 5, 2020, Ivy appeared at the initial hearing on the petitions and stated that she had not received a copy of the petitions, but acknowledged that the petitions had been mailed to the correct address. Ivy further stated that she had received the hearing notice, or summons, which had been mailed in the same envelope. In response, the State agreed to email an electronic copy of the petitions to Ivy.

¶5 Subsequently, an attorney was appointed to represent Ivy, and an initial appearance took place on September 30, 2020. Ivy confirmed that she had received the petitions via email.[3]

¶6 A three-day court trial took place. The trial court found that the State had met their burden as to both grounds alleged, and that Ivy was an unfit parent. The court specifically found that any notice and service requirements

---

[3] I note that the record refers to a copy of "the petition," not "the petitions." However, Ivy does not dispute that she received a copy of both petitions by email.

under WIS. STAT. § 48.42 were complied with, and that the court had competency and jurisdiction to proceed. After a contested dispositional hearing, the court found that it was in the best interests of I.H. and K.H. to terminate Ivy's parental rights.

¶7 Ivy sought postdisposition relief arguing that the State's failure to adhere to the statutory service requirements deprived the court of competency and prevented the court from assuming personal jurisdiction over Ivy.[4] Ivy further contended that trial counsel was ineffective for failing to object to and seek dismissal of the petitions to terminate her parental rights.

¶8 At the postdisposition hearing, the State indicated that during the COVID-19 pandemic, the State did not personally serve parents in TPR cases and instead mailed the petitions. The State asserted that regardless, Ivy was not entitled to relief because she appeared in court. The Guardian ad litem (GAL) added that if trial counsel had objected and Ivy had not agreed to accept the petitions by email, the court would have instructed the State to serve her personally and tolled the time limits.

¶9 The trial court denied Ivy's motion without an evidentiary hearing. The court found that it maintained competency and jurisdiction to proceed. The court further found that trial counsel was not deficient, and even if he was, Ivy was not prejudiced because she received her right to a trial. This appeal follows.

---

[4] Ivy initially filed a no-merit report. Subsequently, this court, a different judge presiding, ordered Ivy's counsel to file a supplemental report addressing whether Ivy was properly served with the petitions. Ivy then moved to dismiss the no-merit notice of appeal and file a postdisposition motion, which this court granted.

4

**DISCUSSION**

¶10     WISCONSIN STAT. § 48.42(4) provides that when the State seeks to terminate a person's parental rights, it must serve them personally with a summons and petition. The statute provides in relevant part:

> (4) MANNER OF SERVING SUMMONS AND PETITION.
>
> (a) *Personal service.* Except as provided in this paragraph, par. (b), and sub. (2g) (ag), a copy of the summons and petition shall be served personally upon the parties specified in sub. (2), if known, at least 7 days before the date of the hearing. Service of summons is not required if the party submits to the jurisdiction of the court….
>
> (b) *Constructive notice.*
>
> 1. If with reasonable diligence a party specified in sub. (2) cannot be served under par. (a), service shall be made by publication of the notice under subd. 4.

Sec. 48.42(4)(a), (b)1.

¶11     Ivy contends that the State failed to properly serve the petitions by relying on two unauthorized methods of service: mail and email. Thus, according to Ivy, the trial court was prevented from assuming personal jurisdiction over Ivy and was deprived of competency to preside over Ivy's case.

¶12     The State and GAL respond that Ivy submitted to the trial court's jurisdiction when she appeared in court. In addition, they contend that Ivy forfeited her challenge to the court's competency to act by failing to object in the trial court.

¶13     Based on my review of the briefs and the records, I conclude that Ivy forfeited her challenges to personal jurisdiction and competency. Both personal jurisdiction and competency can be forfeited. *See generally*, ***Studelska v.***

*Avercamp*, 178 Wis. 2d 457, 462, 504 N.W.2d 125 (Ct. App. 1993) (holding that challenges to personal jurisdiction could be forfeited); *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶38, 273 Wis. 2d 76, 681 N.W.2d 190 (holding that challenges to competency are forfeited if not raised in the trial court).

¶14    Here, it is undisputed that Ivy appeared in court multiple times on this case, including participating in a court trial and a contested dispositional hearing.   Not until postdisposition proceedings did Ivy object to personal jurisdiction and competency.  By appearing in court multiple times and failing to object, Ivy forfeited any challenge to personal jurisdiction and competency.  *See* WIS. STAT. § 48.42(4)(a) (stating that "[s]ervice of summons is not required if the party submits to the jurisdiction of the court"); WIS. STAT. § 48.297(2) (stating that "[d]efenses and objections based on defects in the institution of proceedings … shall be raised not later than 10 days after the plea hearing or be deemed waived" and "[o]ther motions capable of determination without trial may be brought any time before trial").  Accordingly, I address whether Ivy was deprived of effective assistance of counsel.[5]

¶15    To obtain relief based on ineffective assistance of counsel, Ivy has the burden to prove both deficient performance and prejudice under *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  *See Oneida Cnty. DSS v. Nicole W.*, 299 Wis. 2d 637, 659-60, 728 N.W.2d 652.  Performance is deficient if it falls below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688.  To show prejudice, Ivy must show a reasonable probability that, but for counsel's

---

[5] In her argument, Ivy relies on *American Family Mut. Ins. Co. v. Royal Ins. Co. of Am.*, 167 Wis. 2d 524, 481 N.W.2d 629 (1992).  However, in that case, unlike here, there was a motion in the trial court to dismiss for lack of jurisdiction preserving the issue. *Id.* at 528.

unprofessional conduct, the result of the proceedings would have been different. *See id.* at 694. If a parent fails to satisfy one component of the analysis, a court need not address the other. *Id.* at 697.

¶16    When a motion is denied without an evidentiary hearing, this court reviews *de novo* "whether the motion on its face alleges sufficient material and non-conclusory facts that, if true, would entitle the [parent] to relief" and "whether the record conclusively demonstrates that the [parent] is not entitled to relief." ***State v. Jackson***, 2023 WI 3, ¶8, 405 Wis. 2d 458, 983 N.W.2d 608. "[I]f the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the [parent] is not entitled to relief, the [trial] court has the discretion to grant or deny a hearing." ***State v. Allen***, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433.

¶17    Even if I assume that trial counsel performed deficiently, the record conclusively demonstrates that Ivy was not prejudiced. As the State and GAL explain, if Ivy had objected, the State would have requested an adjournment to personally serve the petition or seek publication and the trial court would have been able to find good cause to toll any applicable time limits and grant a continuance under WIS. STAT. § 48.315(2). In fact, the trial court granted an adjournment and tolled the time limits for the State to complete service on the alleged fathers who did not appear.

¶18    Thus, the record conclusively demonstrates that Ivy was not prejudiced, and the trial court properly denied the postdisposition motion without an evidentiary hearing. As a result, I affirm.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.