673 P.2d 1207 (1983)
STATE of Montana, ex rel. Helen Betty McGinnis and Myrtle Flaten McKee, Relators,
v.
The DISTRICT COURT OF the THIRTEENTH JUDICIAL DISTRICT of the State of Montana In and For the COUNTY OF YELLOWSTONE, Respondent.
No. 83-444.
Supreme Court of Montana.
November 23, 1983.

ORDER DENYING WRIT OF SUPERVISORY CONTROL
Petitioners, in the language of their briefs, are "claimants to the estate of Mary Flaten by reason of an agreement between themselves and Mary Flaten that petitioners would provide Mary Flaten with personal service for her lifetime, and in return, Mary Flaten would leave the bulk of her estate to them." Mary Flaten died intestate. The petitioners are not related by blood to Mary Flaten, but were related to her husband, who predeceased Mary Flaten. The personal representative of the estate of Mary Flaten, Security Bank of Billings, Montana, has petitioned the District Court for authority to distribute the probate estate to her intestate heirs, her several brothers and sisters, nieces and nephews, who apparently had no contact with her for over sixty years prior to her death. Petitioners have filed an objection to the proposed distribution, requesting that the probate estate be distributed to them in accordance with their claimed agreement with Mary Flaten.
On August 1, 1983, the District Court in charge of the proceedings entered a procedural order which essentially bifurcates the trial of the contest between the petitioners and the intestate heirs of Mary Flaten. Under the order, a separate hearing would be held at which the petitioners will present the evidence in support of their claim, and the personal representative's attorney would appear and cross-examine on behalf of the intestate heirs, at the estate's expense. The court, on the basis of that hearing, will determine whether the petitioner's *1208 have presented a prima facie case in support of their claims. It appears that if a prima facie case is shown, the personal representative would then decline further representation of the intestate heirs, and the intestate heirs would then be cited to appear and defend against petitioner's claims at their separate expense. Thereafter the District Court would determine all of the issues involved in the contest.
Petitioners claim that the bifurcation of the dispute between the petitioners and the intestate heirs is contrary to law, a wasteful duplication of time and effort prejudicial to the petitioners. Second, they contend that the allowance of attorneys fees to the personal representative for the bifurcated trial is improper.
With respect to attorneys fees, section 72-12-206, MCA, provides:
"When the validity or probate of a will is contested through court action, the fees and expenses must be paid by the party contesting the validity or probate of the will, if the will in probate is confirmed. If the probate is revoked, the cost must be paid by the party who resisted the revocation or out of the property of the decedent, as the court directs."
If we accede to the argument of the petitioners that this is indeed a contest of a will, it is obvious from the language of section 72-12-206, that it is in the discretion of the court to determine whether attorneys fees for the party who resisted the revocation can be paid out of the property of the decedent. This Court assumes that that question will be addressed properly by the District Court in the event that the petitioners claim is successful. Nothing here should be construed to determine that this Court has decided that there is indeed a will contest involved here.
With respect to the bifurcation of the issues, Rule 42(b), M.R.Civ.P. provides:
"The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim or third-party claim, or if any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."
The purpose of Rule 42(b), M.R.Civ.P., is to provide a broad discretion in the District Court in the handling of the trial procedures. Under the circumstances of this case, it does not appear that the District Court is acting unreasonably in its procedural order objected to here.
It further appears to this Court that the petitioners will have a plain, speedy and adequate remedy on appeal.
Accordingly,
The petition for writ of supervisory control is DENIED.
HASWELL, C.J., and HARRISON, SHEA, WEBER, SHEEHY, GULBRANDSON and MORRISON, JJ., concur.