No. 01-218

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 311

JAY E. LUNDQUIST and

DONNA M. LUNDQUIST

Plaintiffs, Appellants,

and Cross-Respondents,

v.

MICHAEL W. MCBETH and

MICHAEL W. MCBETH d/b/a

COLDWELL BANK KEYSTONE REALTY,

Defendants, Respondents,

and Cross-Appellants,

and

JANE and JOHN DOES, one through six,

Defendants.

APPEAL FROM: District Court of the Third Judicial District,

In and for the County of Granite,

The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Jay E. Lundquist and Donna M. Lundquist (pro se), Philipsburg, Montana

For Respondents:

Joseph C. Connors, Jr., Connors Law Firm, P.L.L.P., Anaconda, Montana

Submitted on Briefs: December 28, 2001
Decided: December 31, 2001 Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 Plaintiffs, Jay E. Lundquist and Donna M. Lundquist, attempted to file a pro se complaint against Defendant, Michael W. McBeth, in the District Court for the Third Judicial District in Granite County to void an allegedly fraudulent conveyance of real estate. The District Court ordered the complaint withdrawn pursuant to Rules 11 and 15 (a), M.R.Civ.P. Subsequently, Lundquists filed what they deemed to be an amended complaint. McBeth filed a motion to dismiss the amended complaint as untimely, pursuant to the statute of limitations for fraudulent transfers. Further, McBeth requested that the District Court order Lundquists to pay McBeth's reasonable attorney fees and costs incurred to defend the action.

¶2 Because the District Court ordered the original complaint withdrawn, the District Court did not attribute the original complaint's filing date to the amended complaint. Therefore, the District Court granted McBeth's motion to dismiss. The District Court denied McBeth's request for attorney fees and costs. Lundquists appeal the District Court's order of dismissal. McBeth cross-appeals that portion of the District Court's order which denied recovery of attorney fees and costs. We reverse the District Court's order of dismissal.

¶3 The following issues are raised on appeal:

¶4 1. Did the District Court err when it dismissed Lundquists' complaint?

¶5 2. Did the District Court err when it denied McBeth's request for attorney fees and costs?

## FACTUAL BACKGROUND

¶6 On June 17, 1996, John Shook and others filed a complaint, with cause number DV-96-17, against Lundquists which sought damages for an alleged assault and battery and several instances of trespass to property. On July 3, 1996, Lundquists filed their answer which denied liability for the alleged damages and counterclaimed against the plaintiffs for damages based on numerous allegations. On May 1, 1998, Lundquists filed an amended answer and counterclaim which cited new allegations of impropriety and counterclaimed against a newly named plaintiff Michael Hamilton, Shook's roommate.[1]

¶7 Hamilton did not respond to Lundquists' amended counterclaim. Therefore, on July 24, 1998, the District Court entered a default judgment against Hamilton and ordered Hamilton to pay $96,200 to Lundquists. Soon thereafter, on November 17, 1998, the District Court entered a default judgment against Shook in favor of Lundquists for Shook's failure to comply with discovery requests. The District Court ordered Shook to pay $202,347 to Lundquists. The District Court also, among other things, prohibited Shook and Hamilton from transferring any of their property prior to a hearing to review a fraudulent transfer of property allegation raised by Lundquists as judgment creditors.

¶8 On May 23, 2000, Lundquists filed a complaint, with the same cause number as the previous action, against Shook, Hamilton, June E. Pederson, and Pam S. Pederson. The complaint alleged that Shook transferred a parcel of real estate to Hamilton during the course of the above proceedings. Hamilton in turn transferred his interest in the parcel to the Pedersons. Lundquists claimed this transfer was fraudulent and requested that the District Court set aside the transfer to allow Lundquists to execute on the property. On June 20, 2000, the District Court found that the conveyance was fraudulent, voided the conveyance, and awarded the property to Lundquists.

¶9 Up to this point, Lundquists retained counsel for all of the above proceedings. However, on August 25, 2000, Lundquists filed a pro se complaint against Shook, Hamilton, and McBeth. The complaint alleged that Shook and Hamilton fraudulently conveyed a parcel of real estate to McBeth on August 26, 1998. Therefore, Lundquists filed this complaint one day prior to the expiration of the fraudulent transfer statute of

limitations. Lundquists filed this complaint with the same cause number as the previous action, DV-96-17. On September 21, 2000, Lundquists' attorney of record in cause number DV-96-17 executed a notice to the District Court which indicated that he was not representing Lundquists in the action involving McBeth. On September 21, 2000, McBeth was served with a copy of the complaint and summons.

¶10 One day prior to service of process on McBeth, the District Court entered an order directing the Clerk of Court to withdraw Lundquists' complaint. The District Court ordered the complaint withdrawn because the complaint was filed in the same cause of action previously pending and Lundquists (1) did not obtain the District Court's consent to amend prior pleadings, and (2) did not have their attorney of record, in cause number DV-96-17, sign the August 25, 2000, complaint.

¶11 On October 9, 2000, Lundquists filed a motion which requested that the District Court amend its order to direct the Clerk of Court to assign a new cause number to the August 25, 2000, complaint and allow Lundquists to amend that complaint, thus, retaining the August 25, 2000, filing date. The District Court denied Lundquists' motion and stated, "If a new complaint is to be filed by the Plaintiff acting pro se, it will be filed as a new cause number on the date which it was presented for filing and not on the date the 'Complaint with Jury Trial Demand' was originally attempted to be filed." Therefore, on November 8, 2000, Lundquists filed an "Amended Complaint with Jury Demand" with a new cause number, DV-00-24.

¶12 On November 28, 2000, McBeth filed a motion to dismiss Lundquists' amended complaint, citing the expiration of the fraudulent transfer statute of limitations. Further, McBeth requested that the District Court order Lundquists to pay McBeth's reasonable attorney fees and costs incurred in defending the action. On February 12, 2001, the District Court granted McBeth's motion to dismiss but denied McBeth's request for attorney fees and costs. Lundquists appeal the District Court's order of dismissal. McBeth cross-appeals that portion of the District Court's order which denied McBeth's request for attorney fees and costs.

## STANDARD OF REVIEW

¶13 The issue of whether a district court properly applied the statute of limitations and granted a Rule 12(b)(6), M.R.Civ.P., motion to dismiss presents a question of law. *Hollister v. Forsythe* (1995), 270 Mont. 91, 93, 889 P.2d 1205, 1206. The standard of

review of a district court's conclusions of law is whether the court's interpretation of the law is correct. *Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686. We review a district court's conclusions regarding Rule 11, M.R.Civ.P., sanctions for an abuse of discretion. *Shull v. First Interstate Bank* (1994), 269 Mont. 32, 39, 887 P.2d 193, 197.

## DISCUSSION

¶14 1. Did the District Court err when it dismissed Lundquists' complaint?

¶15 On September 20, 2000, the District Court ordered Lundquists' pro se complaint withdrawn. In its order, the District Court cited two justifications for withdrawal of the complaint: (1) Lundquists' failure to obtain leave of court to amend their original complaint; and (2) the fact that the new pleading did not include the signature of Lundquists' counsel of record. From what we can deduce, the District Court was referring to Rules 11 and 15(a), M.R.Civ.P., when it ordered Lundquists' complaint withdrawn.

¶16 Lundquists' August 25, 2000, complaint named a new defendant, McBeth, and was based on a real estate transaction independent from the transfer litigated in cause number DV-96-17. Lundquists assert that they intended to proceed against McBeth pro se. Therefore, they filed a notice, signed by their previous counsel of record, which informed the District Court of that intent. In proceeding pro se, Lundquists contend that they simply used the prior fraudulent transfer complaint as a template for the August 25, 2000, complaint. Thus, Lundquists inadvertently included cause number DV-96-17 on the August 25, 2000, complaint. Lundquists insist that to dismiss this case on the sheer technicality of an incorrect cause number would frustrate the purpose of the Montana Rules of Civil Procedure, i.e., to secure the just, speedy, and inexpensive determination of every action. *See* Rule 1, M.R.Civ.P. We agree.

¶17 In *Dungan v. County of Pierce* (Wis. Ct. App. 1992), 486 N.W.2d 579, the Court of Appeals of Wisconsin addressed a similar issue. In *Dungan*, the plaintiff, acting pro se, filed a complaint and summons which named Pierce County as the defendant. In error, the summons directed Pierce County to serve its answer on an attorney hired by Dungan in a former lawsuit. Since the summons designated an agent for receipt of the answer as someone other than the pro se plaintiff, the summons failed to comply with Wisconsin's summons' statutes. Pierce County filed a motion to dismiss for lack of personal jurisdiction based on the defect. The trial court found Dungan's motion "fatally defective"

and granted Pierce County's motion.

¶18 The Court of Appeals of Wisconsin reversed the trial court and concluded that the determination of whether a defect is fatal to a court's jurisdiction depends on whether the defect is fundamental or technical. *Dungan*, 486 N.W.2d at 582. The Court stated:

> If the defect is fundamental, the court has no jurisdiction to proceed and dismissal of the summons and complaint is required. If the defect is technical and the plaintiff can show that the defendant was not prejudiced by the defect, the error will not defeat personal jurisdiction and the court may proceed with the case.

*Dungan,* 486 N.W.2d at 582. The burden is on the complainant to show there was no defect, or, if there was a defect, that it was not fundamental but technical and did not prejudice the defendant. American Family Mut. Ins. Co. v. Royal Ins. Co. of Am. (Wis. 1992), 481 N.W.2d 629, 632.

¶19 Those defects which Wisconsin treats as fundamental are typically procedural errors, i. e., failure to file a summons and complaint which names the defendant, failure to authenticate the copy served on the defendant, and failure to timely serve the defendant. *American Family*, 481 N.W.2d at 632-33. Alternatively, those cases which allow nonprejudicial technical defects generally involve errors in content and form. *Dungan*, 486 N.W.2d at 582. Defects which Wisconsin has treated as technical include naming someone other than the pro se plaintiff as agent for receipt of the answer (*Dungan*, 486 N.W.2d at 582); failing to direct the defendant to answer within 20 days (*Canadian Pac. Ltd. v. Omark-Prentice Hydraulics* (Wis. Ct. App. 1978), 272 N.W.2d 407, 408); errors committed by the clerk of court (*State v. Hooper* (Wis. Ct. App. 1985), 364 N.W.2d 175, 177); failing to properly sign the summons and complaint (*Novak v. Phillips* (Wis. Ct. App. 2001), 631 N.W.2d 635, 641); and the erroneous assignment of an incorrect case number on a summons and complaint (*American Family*, 481 N.W.2d at 633).

¶20 Here, Lundquists claim that by the August 25, 2000, complaint they intended to file a separate action against McBeth. Therefore, Lundquists were not required to obtain the District Court's permission to file that complaint. Further, as Lundquists proceeded against McBeth pro se, the complaint did not require an attorney's signature. Consequently, the erroneous cause number remains the only defect on the August 25, 2000, complaint.

¶21 We hold that the erroneous cause number included in the August 25, 2000, complaint

constituted a technical defect. Because Lundquists named McBeth as a defendant in the complaint, filed the complaint prior to the expiration of the fraudulent transfer statute of limitations, and served McBeth with a copy of this complaint, McBeth was not prejudiced by the technical defect. Accordingly, the District Court erred when it ordered the August 25, 2000, complaint withdrawn. As the District Court should not have ordered the complaint withdrawn, the District Court subsequently erred when it dismissed this cause of action as untimely. In light of our holding on issue one, we need not address the issues raised in McBeth's cross-appeal.

¶22 For these reasons, we reverse the judgment of the District Court and remand to allow Lundquists to amend their August 25, 2000, complaint to include a new cause number. McBeth's time for responding shall begin to run on the date of remittitur.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

/S/ JIM RICE

Justice James C. Nelson dissents.

¶1 The District Court determined that Lundquists' *pro se* complaint was actually an unauthorized amendment to the complaint which they had filed in their on-going cause of action, DV-96-17. I agree with the District Court's determination in that regard and, would, accordingly, affirm the court's dismissal of Lundquists' complaint as being time-barred for the reasons and rationale articulated by the trial judge.

¶2 As to the majority's opinion, I would note that Lundquists, of course, did not argue the Wisconsin line of cases (which have now become the law of Montana) nor did the Respondents have any opportunity to argue against this theory. Aside from the fact that the majority do a splendid job of saving the Lundquists from their own ineptness, the majority's "fundamental/technical defect" analysis has not been heretofore adopted as part

of this State's jurisprudence--at least no Montana case law is cited in support of this approach.

¶3 Before adopting what likely will become the *Pro se* Litigant's Relief Act, I would have, at least, liked to have seen some briefing and argument on the subject. In any event, since the District Court did not err, I would affirm.

¶4 I dissent.

/S/ JAMES C. NELSON


Justice Patricia Cotter joins in the foregoing dissent.

/S/ PATRICIA COTTER


1. The record is unclear as to how Michael Hamilton came to be a named party in the action.