No. 00-694

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 39N

WILLIAM MICHAEL KASBEN,

Plaintiff and Appellant,

v.

DAN YARDLEY,

Defendant and Respondent.

STATE LAW LIBRARY
MAR 05 2002
OF MONTANA

FILED
MAR - 9 2002

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Sixth Judicial District,
               In and for the County of Park,
               The Honorable Wm. Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        William Michael Kasben, *Pro Se*, Deer Lodge, Montana

    For Respondent:

        Dan Yardley; Yardley & Yardley, Livingston, Montana

Submitted on Briefs:  March 22, 2001

Decided:  March 5, 2002

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 William Michael Kasben appeals from the dismissal by the Sixth Judicial District Court, Park County, of his malpractice claim against Dan Yardley, his appointed counsel in a felony criminal proceeding. We affirm.

¶3 We restate the issues as whether the District Court Judge erred in not disqualifying himself and whether the court correctly granted Yardley's motion to dismiss on grounds that Kasben's action was barred by the statute of limitations.

¶4 As to the first issue, Kasben claims the District Court Judge should have disqualified himself from presiding in this action because he also presided over Kasben's felony case. Kasben points out that, in the previous case, he wrote to the judge several times about Yardley.

¶5 The criteria which prohibit a judge from sitting or acting in a proceeding are set forth at § 3-1-803, MCA. None of the provisions set forth in that statute applies to this case. Kasben's argument in this regard fails to distinguish between a situation in which the judge has acted as a party's attorney in a prior proceeding--where § 3-1-803, MCA, prohibits the

judge from presiding--and a situation such as the present one in which a judge has presided in a prior proceeding involving the same people. Not only does § 3-1-803, MCA, not apply, Kasben did not avail himself of his right to substitute the District Judge under § 3-1-804, MCA. Nor did he move to disqualify the judge for cause under § 3-1-805, MCA. We hold Kasben has not established any error in the District Judge's presiding in this action.

¶6     Kasben's second issue relates to the District Court's legal determination to dismiss the malpractice action as time-barred, which we review to determine whether the court's conclusion was correct. *Lundquist v. McBeth*, 2001 MT 311, ¶ 13, 308 Mont. 1, ¶ 13, 38 P.3d 831, ¶ 13 (citations omitted). An action for legal malpractice must be commenced within 3 years after the plaintiff discovered or should have discovered the act, error, or omission. Section 27-2-206, MCA.

¶7     Kasben was sentenced in the criminal matter on December 2, 1996. He filed his malpractice complaint approximately 3 ½ years later, in June of 2000. Kasben contends that he did not receive proof of negligence relating to his appeal until July 8, 1997, when Yardley finally sent him documentation he had requested. Based on that date, he argues he filed this suit within 3 years of "discovery" of the alleged negligent act or omission by Yardley and, therefore, the suit was timely filed under § 27-2-206, MCA.

¶8     The problem with Kasben's argument goes to the nature of the documentation Yardley delivered to him on July 8, 1997. In that regard, Kasben states only that "[s]ome of these documents were documents [Kasben] provided [Yardley], which were never presented to the court, but should have been." If Kasben originally provided the documents to Yardley, then

3

he knew of them at that time, and that time predated Kasben's felony conviction of his guilty plea which culminated in his sentencing in December of 1996. Kasben has failed to support his theory that he did not "discover" Yardley's alleged misconduct prior to July of 1997.

¶9 Kasben next contends that the statute of limitations should have been tolled while he was incarcerated out of state and with inadequate legal resources. We disagree.

¶10 Section 27-2-401, MCA, provides for tolling of statutes of limitations in certain "disability" cases. In *Weston v. Cole* (1988), 233 Mont. 61, 758 P.2d 289, we held that the statute of limitations was not tolled while a plaintiff was out of state. Moreover, § 27-2-401, MCA, was amended in 1995 to delete a provision providing for tolling when a person is "imprisoned on a criminal charge or under a sentence for a term less than for life." 1995 Mont. Laws Ch. 46, Sec. 1. The deletion clearly establishes the Legislature's intent that being imprisoned on a criminal charge, whether in state or out of state, does not toll a statute of limitations. Kasben also argues that failing to toll the statute of limitations for his malpractice action while he was incarcerated in a facility with inadequate legal resources is a violation of his constitutional rights, but he cites no controlling authority for that proposition.

¶11 Finally, Kasben discusses various elements of the substance of his complaint, apparently attempting to appeal issues from his criminal case. He failed to file a timely appeal of that conviction, however, and the time for doing so has expired. Therefore, we do not address those matters further. Nor do we address the several new issues Kasben

4

improperly raises in his reply brief. *See* Rule 23(c), M.R.App.P.; *Sherrard v. Prewett*, 2001 MT 228, ¶ 20, 306 Mont. 511, ¶ 20, 36 P.3d 378, ¶ 20 (citation omitted).

¶12    We hold the District Court correctly granted Yardley's motion to dismiss on grounds that this action was barred by the statute of limitations.

¶13    Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

5