No. 05-121

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 50N

_____

JAY M. GASVODA and SHELLY GASVODA,

      Plaintiffs and Appellants,

  v.

RAVALLI COUNTY,

      Defendant and Respondent.

_____

APPEAL FROM:    District Court of the Twenty-First Judicial District,
                 In and for the County of Ravalli, Cause No. DV 2004-378
                 The Honorable James A. Haynes, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

          Howard C. Greenwood, Attorney at Law, Hamilton, Montana

      For Respondent:

          George H. Corn, County Attorney; D. James McCubbin, Deputy County
          Attorney, Hamilton, Montana

_____

Submitted on Briefs: February 14, 2006

Decided:  March 7, 2006

Filed:

      _____
                        Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jay M. Gasvoda and Shelly Gasvoda (collectively Gasvoda) appeal from the Opinion and Order issued by the Twenty-First Judicial District, Ravalli County, denying their motion to set aside the District Court's earlier order granting Ravalli County's motion to dismiss the claims against it. Gasvoda's challenge alleges that the District Court improperly focused upon the "defense" of statute of limitations when Ravalli County had failed to plead statute of limitations as an affirmative defense in its answer to the complaint as required by Rule 8(c), M.R.Civ.P.

¶3 Gasvoda filed a civil complaint against Ravalli County on August 27, 2004. The complaint alleges that Ravalli County had breached a written contract that it had entered with Gasvoda eight years and one day earlier on August 26, 1996. Ravalli County timely filed a motion to dismiss and supporting brief on September 27, 2004, based upon the fact that the eight-year statute of limitations for claims based on a written contract barred any possible claim by Gasvoda. Gasvoda filed no answer or other responsive brief within the time period prescribed by Uniform District Court Rule 2. The District Court therefore deemed Ravalli County's motion to dismiss to be well taken and granted

2

dismissal of Gasvoda's complaint with prejudice in an Order dated October 20, 2004.

¶4     Gasvoda filed a motion on October 27, 2004, requesting that the District Court set aside the dismissal order pursuant to Rule 60(b) of the Montana Rules of Civil Procedure. The District Court denied Gasvoda's motion to set aside the dismissal based, in large part, upon the fact that the statute of limitations defense raised by Ravalli County in its motion to dismiss likely barred any meritorious claim by Gasvoda. *See Essex Ins. Co. v. Jaycie, Inc.,* 2004 MT 278, ¶ 12, 323 Mont. 231, ¶ 12, 99 P.3d 651, ¶ 12.

¶5     We review a District Court's refusal to set aside an order pursuant to an abuse of discretion standard. *In re Paternity and Custody of B.E.S.,* 1998 MT 190, ¶ 13, 290 Mont. 188, ¶ 13, 963 P.2d 449, ¶ 13. The issue of whether a district court properly applied the statute of limitations and granted a motion to dismiss pursuant to Rule 12(b)(6), M.R.Civ.P., presents a question of law. *Lundquist v. McBeth*, 2001 MT 311, ¶ 13, 308 Mont. 1, ¶ 13, 38 P.3d 831, ¶ 13. We review issues of law to determine whether the district court's application or interpretation of the law is correct. *Hollister v. Forsythe* (1995), 270 Mont. 91, 93, 889 P.2d 1205, 1206.

¶6     The briefs and record presented indicate that settled Montana law controls the outcome and the District Court correctly applied this settled law. Ravalli County filed a motion to dismiss Gasvoda's complaint based upon the fact that the statute of limitations barred such a claim and therefore Gasvoda had no claim upon which relief could be granted. Rule 12(b)(6), M.R.Civ.P.; *Williams v. Zortman Mining, Inc.* (1996), 275 Mont. 510, 513-14, 914 P.2d 971, 974. A party properly may raise the statute of limitations defense in a motion to dismiss where, as here, the allegations contained in the complaint

3

demonstrate that the statute of limitations bars the claims. *See Beckman v. Chamberlain* (Mont. 1983), 673 P.2d 480, 482. Nothing in the record indicates the District Court abused its discretion in refusing to set aside its order dismissing Gasvoda's complaint. The statute of limitations defense raised by Ravalli County's motion to dismiss precluded Gasvoda from establishing a meritorious response to the motion to dismiss. *Essex Ins. Co.*, ¶ 12. We affirm the District Court.

¶7     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, that provides for memorandum opinions.

/S/ BRIAN MORRIS


We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART